# HEWITT v. WEINTRAUB.

---

PATENTS; INTERFERENCE; DISCLOSURE.

1. Where concurrent decisions of the Patent Office in an interference case are to the effect that earlier applications of one of the parties do not disclose the invention of the issue, they will not be disturbed by this court on appeal, unless it is clearly apparent that error has

been committed; especially where the invention is of a highly technical nature.

2. In an interference involving an invention relating to mercury vapor lamps, in which certain of the issues called for the positive and the filamentary electrodes to be "electrically disconnected," it was *held*, affirming a decision of the Commissioner, that a prior application of one of the parties showing a positive and a filamentary electrode, but also showing that they were in connection at all times when the lamp was not in operation, and necessarily in operation when the lamp was started, did not disclose the invention of the issues.

No. 754. Patent Appeals. Submitted March 14, 1912. Decided April 22, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                 *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles A. Terry* and *Mr. George C. Dean* for the appellant.

*Mr. Albert G. Davis, Mr. Alexander D. Lunt,* and *Mr. Charles McClair* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding, awarding priority of invention to appellee, Ezechiel Weintraub. The issue is contained in the following counts:

"1. The combination of a plurality of electrodes, one at least of which is adapted to emit vapor, while at least two others are formed of nonvaporizable material, an electrical connection between said two electrodes, and a risistance included in said connection.

"2. In a vapor electric lamp or the like, a main electrode, an auxiliary electrode connected through an external resistance

to said main electrode, and located in proximity to said main electrode, and a filament extending from said auxiliary electrode.

"3. In a vapor electric apparatus, the combination of main electrodes, one at least of which is adapted to emit vapor, a starting electrode located in proximity to one of the main electrodes, and electrically connected therewith through a resistance, and a filamentary conductor extending from said starting electrode.

"4. In a lamp of the class described, the combination of a container, a negative electrode, a positive electrode, and a filamentary electrode electrically disconnected from the positive electrode within the chamber.

"5. In an apparatus of the class described, the combination of a container, a negative electrode, a positive electrode, a filamentary electrode extending from the vicinity of the positive electrode to the vicinity of the negative electrode, connections for the several electrodes, and a resistance in the lead of the filamentary electrode.

"6. In a vapor electric device, a combination of an inclosing envelop or container, a negative electrode, a positive electrode, and a filament electrically disconnected in the envelop from the positive electrode, but connected externally.

"7. In a vapor electric apparatus, the combination of an envelop or container, a negative electrode, a positive electrode, a filament extending from the vicinity of the positive electrode t͜ the vicinity of the negative electrode, connections for the filament and the electrode, and a resistance in the lead of the filament.

"8. The combination of an inclosing chamber, main positive and negative working electrodes, a supplemental starting positive electrode, connections therefrom to the main positive electrode, an intermediate positive electrode, and automatic means for shifting the current flow from the starting electrode to the intermediate electrode, and thence to the working positive electrode."

The invention relates to mercury vapor lamps, which may be illustrated by the following figure:

In starting the lamp, current is first switched to the mains 17 and 18, causing it to pass through the solenoid 8. This causes the tube 7, which is provided with an iron core, to rise, thus lowering the level of the mercury in the electrodes, and causing an arc to start as the mercury separates across the bridge 4. Owing to the risistance 20, the current then strikes an arc between the main electrode 5 and the upper electrode 10, being assisted by the filament 16. The presence

of the resistance 21 soon causes the arc to desert the electrode 10 and flow to the electrode 11, without the aid of the filament 16, from which it is electrically disconnected.

Appellant, Peter Cooper Hewitt, the junior party, has introduced in evidence certain earlier applications filed by him, which he claims discloses the subject-matter of the issue. The one chiefly relied upon is illustrated by the following figure, taken from the application:

In the operation of this device, the current will pass through the two rings 2a and 2b, which normally lie against the rod 5c, as shown by the dotted lines, and the intermediate portion

of the rod. The current flowing through the magnetizing coils 16 will lift the rings 2a and 2b, thus cutting the rod 5c out of circuit. The current will then traverse the gas path between the two electrodes, either of the rings acting as positive, and the electrode 5a or 5b acting as the corresponding negative, electrode, depending upon which way the current is flowing through the lamp.

While the reasons given in support of the opinions of the Examiner of Interferences and the Board of Examiners in Chief differ, they both arrived at the conclusion that appellant's prior device did not disclose the subject-matter of the issue, which conclusion was affirmed by the Commissioner. Hence the appellant is here with the concurrent decisions of the tribunals of the Patent Office against him; and, where this appears, as we have frequently said, we are loath to disturb such findings, especially where the invention is of a highly technical nature, such as this, unless it is clearly apparent that error has been committed.

Claims 1, 2, 3, 5, and 7 call for a resistance in the connection between two electrodes. The Board of Examiners held that appellant's earlier application fails to disclose this feature. We see no error in their finding upon this point.

Count 8 calls for four electrodes. All of the tribunals below held that appellant's earlier application did not show a device of this character, which was practically admitted at bar, hence no further discussion of this question is necessary.

Counts 4 and 6 present a more difficult problem. Referring to them the Board of Examiners held that in the construction shown in appellant's prior application "a positive electrode and a filamentary electrode are found, but they are in connection at all times when the lamp is not in operation, and it is essential that they should be in connection when the lamp is started. As we read the expression 'electrically disconnected' in count 4, we think that the fair meaning of that count is that the positive and filamentary electrodes called for are constructed to be electrically disconnected at all times." Appellant contends that as the rings in his earlier device are electrically dis-

connected from the positive electrode while the device is in operation, it fully answers the requirements of the issue. In the invention in controversy the filamentary electrode is disconnected from the positive electrode at all times. In appellant's earlier device it is necessary that they be in contact at the time of starting. There is therefore a manifest difference in the method of operation, and we agree with the tribunals below that a fair interpretation of the issue limits it to the construction shown by the applications in interference. At least, there is not such a showing of error as would warrant us in overruling their decisions.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.　　　　　　　　　　　　　　　　*Affirmed.*